■ In the Matter of RICHARD PAZIAN, Respondent, v DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES et al., Appellants. [2 NYS3d 464]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered September 10, 2013, which granted the petition, brought pursuant to CPLR article 78, to the extent of vacating respondent New York City Department of Buildings' (DOB) determination, dated July 20, 2011, denying petitioner's application for a master plumber's license, and remanded for a new hearing and determination, unanimously reversed, on the law, without costs, and the petition dismissed.

Petitioner submitted his application in October 2006, stating that he had amassed five years of practical experience in the design and installation of plumbing systems working at All County Plumbing and Heating Corp. from December 1984 to December 1989; and two years and ten months of experience working at Scarponi & Son Plumbing and Heating from December 1989 to September 1992. As to the position at

Scarponi, petitioner claimed that, pursuant to an unwritten agreement, he held an unpaid position after March 1991 in exchange for the opportunity to later buy into the business, which never materialized. After initially denying petitioner's application, DOB, in its final determination, reaffirmed its denial due to insufficient experience. In doing so, DOB rescinded its original accreditation of five years' experience at All County. In deciding to revoke acceptance of petitioner's All County experience, DOB failed to provide an adequate explanation for why it first credited petitioner with this experience, only to reverse course nearly two years later.

On this record, DOB's determination to disallow the five years experience at All County was arbitrary and capricious. However, we reverse solely because DOB did not credit petitioner's and Scarponi's testimony about an unwritten agreement to buy into the business in return for uncompensated work. We have no basis on which to upset DOB's credibility determination on this issue and, without the time that petitioner claimed to have held the unpaid position, he did not satisfy the experience requirement for a master plumber's license. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ. **[Prior Case History: 2013 NY Slip Op 32109(U).]**